In re Application for retail liquor license.    Appeal of Elizabeth Friedman.

*Liquor law—Refusal of license—Application of married woman—Defective title.*

The appellate court will not review the discretion of the court below in refusing a license, when the reason assigned is: " Refused.   Married woman and husband own the property," it appearing from the record that the title is doubtful, and it not appearing that the sole reason for refusing the license was the fact that the applicant was a married woman.

Argued May 17, 1898.   Appeal, No. 3, April T., 1899, by Elizabeth Friedman, from order and decree of Q. S. Allegheny Co., March Sess., 1898, No. 1187, refusing application for retail liquor license.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ.   Affirmed.

Application for retail liquor license.   Before SLAGLE, J.

A remonstrance was filed setting out the following reasons:

1. Applicant has been selling intoxicants for some time, on her husband's license, after he left and went to Europe, as your remonstant is informed and verily believes.

2. Since her said husband left, as aforesaid, the applicant has kept a disorderly house.

3. During the past year the applicant has sold to men of known intemperate habits, to men visibly under the influence of liquor.

4. The place is not necessary for the accommodation of strangers or travelers.

On April 15, 1898, the court made the following decree: "Refused. Married woman and husband own the property." Petitioner appealed.

*Error assigned* was in entering decree, reciting same.

*Henry R. Ewing*, for appellant.—As to the right of the court to consider this case on appeal, counsel for the appellant considers that the recent case of Donoghue's Appeal, 5 Pa. Superior Ct. 1, contains such a full and careful consideration of the authorities on the subject, that it is unnecessary for him to do more than to cite this case.

Wherein does the application of a married woman differ from a feme sole? If she violates the law she can be prosecuted; if she sells to minors, people of intemperate habits, or on Sundays or election days, upon a proper case being made out, her license can be taken from her, the same as if she were a feme sole, and in every respect she is amenable to the laws regulating the licensed sale of liquors: Patrick v. Smith, 165 Pa. 527; Nuding v. Urich, 169 Pa. 289.

In the case of Kuhn v. Ogilvie, 178 Pa. 303, the Supreme Court, in reviewing the question of the acts enlarging the rights of married women, says: " The act of 1893 is a further step in the same direction, and instead of contenting itself with restricting the power of the husband, it affirmatively enlarges the power of the wife."

In fact, the whole trend of the decisions in reference to the rights of married women upon the acts of assembly, are to the effect that she has the same rights as if she were a feme sole, except that of becoming security, and in all cases where that question has arisen, it has been held very strictly that she could not.

Counsel also calls attention to the fact that there is nothing in the acts of assembly in reference to the sale of liquors or in the policy of the law, prohibiting a married woman from receiving such a license.

No paper-book or appearance for appellee.

OPINION BY ORLADY, J., July 29, 1898:

The decree refusing the appellant's application for license to sell liquors at retail is as follows: " And now, April 15, 1898,

1898.]                    Opinion of the Court.

refused. Married woman and husband own the property." The petition disclosed a good reason for the decree, viz : " 4. That the name of the owners of the premises for which a license is desired are Abram Frank and S. W. Friedman, but that there has been a sheriff's sale of the interest of Myer Rosenthal in the premises to————which she is advised and believes carries no title."

The petitioner does not declare that she has any right to the possession of the premises which she describes as of doubtful title. Moreover it does not appear that the sole reason for refusing the license was the fact that the applicant was a married woman.

The decree is affirmed.